Wash, J.,
delivered the opinion of the Court.
This was an action of covenant, brought in the Court below, by the defendant in error against the plaintiffs in error. The covenant, as set out in the declaration, is, in substance, that the plaintiffs in error, by their certain writing obligatory, promised to pay to one Peter R. Garrett, (who assigned said obligation to the defendant in error,) “the sum of two hundred and thirty dollars, in loan office certificates,” &c.; and the breach assigned is, “that the said plaintiffs in error did not pay the said two hundred and thirty dollars in loan office certificates,” &e.— The cause was submitted to the Court without tho intervention of a jury, and upon the trial, the defendants below offered evidence to prove the value of loan office certificates at the time of payment mentioned in the covenant sued on, as the true criterion of the damages to be sssessed, which evidence1 was rejected by the Court, and, therefore, damages were assessed, and judgment rendered for the ataount of said writing obligatory with the interest thereon. To reverse which judgment, this writ of error is prosecuted. s
The only question presented for the consideration of this Court is, whether the Court below erred in rejecting the testimony offered by the plaintiffs in error ? It is well settled, that Courts in construing covenants should look to the intention of the parties, and that the terms used should be taken according to their common acceptation, and should receive a reasonable interpretation. The covenant here sued on, is one of peculiar character, and should be judged of with reference to the subject matter, and not likened to covenants for the payment of specific sums of money, in property of any particular description. The loan office certificates have a nominal. *416 value in dollars stamped upon the face of them, and the covenant to pay two hundred and thirty dollars in loan office certificates, can mean nothing else, in common acceptation, than an undertaking to pay or deliver loan office certificates, hearing upon their face the stamp of dollars to that amount; or, in other words, a covenant to deliver that particular species of property, of which the value, at the time stipulated for the delivery, is the true criterion of damages to he assessed for the non-delivery thereof.
The Court, therefore, erred in rejecting the testimony offered hy the plaintiffs in error, for which the judgment is reversed, with costs, and the cause is remanded to the Circuit Court to be proceeded in conformably to this opinion.